# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 17-MJ-90007-GEB |
| THANHLAN TRINH, ) | |
| Defendant, ) | |
| _____ ) | |

## MEMORANDUM AND ORDER DENYING
### DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE

Before the Court is Defendant's Motion to Dimiss for Lack of Venue (Doc. 15).[1]  The

Court has reviewed the Defendant's motion and memorandum, the Government's response, and

has considered oral argument from counsel[2].  The motion is DENIED.

The Defendant is charged under the Assimilated Crimes Act, 18 U.S.C. Section 13,

incorporating Kansas law codified in K.S.A. 21-6401(a)(1), with recklessly transmitting obscene

material. The Information alleges that the Defendant "at Fort Riley, a military reservation within

the exclusive jurisdiction of the United States, in the District Kansas . . . did recklessly transmit

obscene material." (Information, Doc. 1). In reviewing a challenge to venue, the Court must view

the evidence in the light most favorable to the government, which must prove venue by a

preponderance of the evidence. ***United States v. Wiles***, 102 F.3d 1043, 1064 (10th Cir. 1996)*(en*

*banc)* vacated on other grounds by ***United States v. Schleibaum***, 522 U.S. 945 (1997).  For the

purpose of the present motion, the important facts are not substantially in dispute.

The Defendant lived in Texas.  Her boyfriend was a soldier in the U.S. Army stationed at

---

[1]The Defendant, charged with a non-petty misdemeanor,  has consented to proceed before
the United States Magistrate Judge (Doc. 14; 18 U.S.C. § 3401(b).).

[2]Argument was heard on August 24, 2017.

Fort Riley, Kansas.   He sent her an e-mail containing a picture of his genitals. She was angry at

him, and without his permission logged onto his internet account with "Google" and, through his

gmail account, transmitted an e-mail, with the picture attached, to at least three Fort Riley

employees at their work e-mail addresses.   These were sent to Fort Riley employees who worked

on the military installation in the Army's Soldier for Life- Transition Assistance Program.  They

opened the pictures on their work computers on Fort Riley.  The Defendant was located in Texas

at the time of the alleged transmission.  There is no allegation that she was physically in Kansas

during any of the charged events.

The Defendant is charged under the Assimilated Crimes Act, which provides that a

person who commits an offense at a place within the exclusive jurisdiction of the United States

not otherwise made punishable under federal law, but which would be punishable under the law

of the State where the federal enclave is located, is guilty under Federal law of "a like offense

and subject to a like punishment."  18 U.S.C. § 13(a). "The ACA's basic purpose is one of

borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves."

*Lewis v. United States*, 523 U.S. 155, 160 (1998). The Information in this case incorporates a

Kansas statute which proscribes as a class A misdemeanor "promoting obscenity," defined to

include "transmitting . . . any obscene material."  K.S.A. 21-6401(a)(1).

Defendant's motion presents two distinct but intertwined questions.  The first is whether

the offense proscribed by K.S.A. 21-6401(a)(1) was intended to apply to the transmission of

obscene material to a location within Kansas from a location outside the state.  This is important

because the ACA only applies if the incorporated state statute would be applicable if the offense

occurred in the state (Kansas) off of the Federal enclave. If the state statute, applied by Kansas

state courts, would not apply to this event, the statute cannot be incorporated by the ACA.

The second question is whether, if the state statute is intended to apply to the present act, venue may be constitutionally placed in the District of Kansas. The Constitution requires that crimes be prosecuted where the crime was committed.[3] So even if the state law applies to the offense, and may be incorporated under the ACA, venue must be placed where the crime was committed.

There is apparently no case law in Kansas interpreting this statue in a case where the claimed transmission of obscene material occurred from a location outside Kansas. However, Kansas law does provide some guidance. In *State v. Woolverton*, 284 Kan. 59, 159 P.3d 985 (2007), the Kansas Supreme Court considered charges under the State's criminal threat statute. That provision prohibited "any threat . . . to [c]ommit violence communicated with an intent to terrorize another . . . ." 284 Kan. at 68, 159 P.3d at 992. In that case the threat was communicated by telephone from out-of-state. The Court, in upholding jurisdiction over the crime, reasoned that the verb "communicate" in the statute requires a "declarant and a receiver," and that both events were "constituent and material elements of the offense." Id. at 70.

The Court in *Wolverton* also relied on a Kansas statute (K.S.A. 21-3104, repealed in 2010) which defined subject matter jurisdiction for a criminal prosecution. This statute has been replaced by K.S.A. 21-5106. That similar statute provides in pertinent part:

A person is subject to prosecution and punishment under the law of this state if:

(a)(1) The person commits a crime wholly or partly within this state;

(b) A crime is committed partly within this state if:

> (1) An act which is a constituent and material element of the offense; or

---

[3]***U.S. Const. Article III,*** sec. 2, clause 2; Amend. VI. *See also* Fed.R.Crim.Proc. 18.

(3) the proximate result of such act occurs within this state.

Although this statute relates to jurisdiction, it is an expression of legislative intent relevant to the present issue.

These authorities resolve the question of whether the offense in this case would be considered subject to prosecution under Kansas law. Like the verb "communication," the word "transmission" requires both a sender and a recipient. As in **Woolverton**, the receipt of the transmission is a constituent and material element of the offense. The intent of the Kansas legislature expressed in K.S.A. 21-5106 clearly considers this offense partly committed in Kansas, both because a constituent and material element occurred in Kansas and because the proximate result of the act occurred in Kansas. Therefore, K.S.A. 21-6401(a)(1) is properly imported by the ACA to charge the offense in this case.

The remaining question is whether the District of Kansas is the proper venue for this case. To determine whether this District is the proper venue, "a court must initially identify the conduct constituting the offense . . . and then discern the location and commission of the criminal acts." **United States v. Rodriguez-Moreno**, 526 U.S. 275, 279 (1999). It is possible for an offense to have proper venue in more than one District, such as where an offense was "begun, continued and completed." 18 U.S.C. § 3237(a). The Court must generally determine the *locus delicti* from the nature of the crime alleged and the location of the acts or acts constituting it. **United States v. Smith**, 641 F.3d 1200 (10th Cir. 2011)(*citing* **United States v. Cabrales**, 524 U.S. 1, 6-7 (1998).

Because the offense at question includes both the transmission and receipt of the e-mail transmission as "constituent and material" elements under Kansas law, and because the receipt event occurred in Kansas, an essential element of the offense occurred in this District. Thus

venue is proper in Kansas. Under the facts of this case the Defendant is alleged to have directed the e-mail transmission to persons in Kansas through their work e-mail. The Fort Riley military installation was the target of the transmission. This is not to say that every piece of lewd material cast upon the electronic sea would provide proper venue in any district in which a computer with general access opened a photo. But here, where e-mail addressed to specific persons located within the district was used, the reception and the site thereof is an essential element of this offense and properly prosecuted in this district.[4]

The motion to dismiss is DENIED.

IT IS SO ORDERED. August 25, 2017

s/Kenneth G. Gale
Kenneth G. Gale
United States Magistrate Judge

---

[4]This case is distinguishable from *United States v. Smith*, 641 F. 3d 1200 (10th Cir. 2011) in which the defendant made a false statement to a federal agent in Minnesota about events which occurred in Oklahoma. There, the offense was started and completed in Minnesota, so Oklahoma lacked venue. Here the offense involves a transmission to Kansas from Texas, thus the alleged criminal conduct occurred in both states. *Compare United States v. Wiles*, 102 F.3d 1043 (10th Cir. 1996)(en banc) vacated on other grounds by *United States v. Schleibaum*, 522 U.S. 945 (1997)(venue for creating false SEC filing proper in district where writing was made as well as SEC in Washington DC.)*; United States v. Zwego*, 657 F.2d 248, 251 (10th Cir. 1981)*, cert. denied*, 455 U.S. 919 (1962)(in prosecution for making false statements to federally insured bank, venue is proper where statements were "prepared, executed or made," or received by bank.)